# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JARED STUBBLEFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 07351 |
| v. | ) |
| | ) Judge John J. Tharp, Jr. |
| CITY OF CHICAGO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons stated more fully below, the City of Chicago's motion to dismiss [30] is granted.

## STATEMENT

### I. Background

According to the *pro se* Amended Complaint, the factual allegations of which are assumed to be true, on March 17, 2013 two Chicago Police Officers pulled over Jared Stubblefield while he was driving. Am. Compl., Dkt. # 16 at 4. The Officers asked Stubblefield to exit his vehicle after he showed them his valid license and insurance. *Id*. At that time, the Officers handcuffed him, and proceeded to search both him and his car without cause. *Id*. The officer searching Stubblefield, despite Stubblefield telling him, "you can't do that," pulled down his jeans "and saw some plastic under [his] private part and then tripped [him] to the [ground] [and] call[ed] the other officer back to beat [him] up." Another officer came from the car and attacked Stubblefield while he was already down, spit in his face, and said "we got you [expletive]." One officer kicked Stubblefield in the face and held him down while the other officer punched and kicked him in his side. When another police car pulled up, the first set of officers asked the newly arrived officers if their car had a camera on it; they did the same with "like [four]" other cars that pulled up. None had cameras on, so the officers kept beating Stubblefield up.

After an officer had removed the plastic bag that he found "under [Stubblefield's] private parts," officers once again pulled down his pants to his knees to check for anything else. One officer put on a glove and performed a full cavity search. One of the assisting officers continually threatened to use a Taser on Stubblefield "for no reason." The officers did not find anything else. Stubblefield was then placed in a police car and taken to the police station.

Based on these factual allegations, Stubblefield sued the City of Chicago and numerous unknown Chicago police officers under 42 U.S.C. § 1983 for violating his constitutional rights. The original complaint was filed on September 22, 2014, and on January 7, 2015, the plaintiff

1

amended his complaint to specifically name officers Scott Celani and James Tucker as defendants.

The City of Chicago now moves to dismiss the claims against it, arguing that Stubblefield fails to set forth any possible basis for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), the only theory of relief available to him against the City given the untimeliness of any state-law claims.

## II. Discussion

*Pro se* complaints must be liberally construed and interpreted less rigorously than those prepared by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Still, to survive dismissal under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need only be sufficient to raise the possibility of relief above the "speculative level." *Twombly*, 550 U.S. at 555.

In moving to dismiss the § 1983 *Monell* claim, the City first points out that any other applicable legal theory of relief is time-barred as to the City of Chicago. Specifically, any state law claims of false arrest, false imprisonment, assault, battery, or conspiracy had a one-year statute of limitations pursuant to the Illinois Local Governmental and Governmental Employee Tort Immunity Act. *See* 745 ILCS § 10/8-101. The events underlying Stubblefield's complaint took place on March 7, 2013, and therefore, the claims filed on September 22, 2014 were untimely as to the City of Chicago, a known defendant at that time. Thus, Stubblefield's only possible timely claims against the City are constitutional claims under 42 U.S.C. § 1983. Stubblefield does not argue otherwise.

As to the § 1983 claims, the City argues that Stubblefield fails to allege that his injuries were caused by a municipal policy, practice, or custom, and therefore, he cannot sue the City directly. Under *Monell,* to state a claim against a municipality under § 1983, a plaintiff must allege that the existence of an official policy or custom proximately caused the injuries suffered. *See* 436 U.S. at 694. A policy for *Monell* purposes exists when there is "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007. The City cannot be liable for the actions of its employee police officers under a *respondeat superior* theory. *Monell*, 436 U.S. at 691. In short, "[l]iability only accrues if the tortfeasor inflicts a constitutional injury on the plaintiff in the execution of the government's policy or custom." *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). The *Twombly/ Iqbal* plausibility standard applies to the pleading of *Monell* claims. *McCauley v. City of Chicago*, 671 F.3d 611, 616-18 (7th Cir. 2011)

Here, the City correctly argues that the Amended Complaint is "utterly devoid of facts plausibly suggesting that Officers Celani and Walker violated Plaintiff's constitutional rights

because of a City policy or practice." The detailed description of the seizure, searches, and use of force on March 17, 2013, focuses solely on the actions of the arresting and assisting officers at the scene of the traffic stop. There are no allegations that suggest that the alleged violations of Stubblefield's rights—whether through an illegal search, illegal seizure, or the use of excessive force—occurred in the execution of any policy, custom, or practice attributable to the City of Chicago rather than the individual officers who perpetrated the alleged misdeeds. *See Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014) (where the "operative complaint in this case is devoid of any remotely specific allegation that a county-level policy or custom caused [plaintiff's] harm," " [t]hat alone is grounds for dismissal" of *Monell* claim); *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (*Monell* claim properly dismissed where plaintiff did not allege that custom or policy was "moving force" behind the deprivation of his constitutional rights).

In response to the motion to dismiss, Stubblefield argues that "the more people the police department sends to jail, the more money [the City of Chicago] gets funded" from "the federal government and . . . private corporations." Stubblefield's complaint, however, says nothing of him going to jail, and he was not incarcerated when he filed his complaint (nor is he presently, so far as the Court has been informed). His chief complaints are the allegedly illegal searches of his car and his person, and the use of excessive force. None of these challenged actions reasonably flows from a pro-incarceration policy by the City of Chicago, even if Stubblefield had plausibly alleged the existence of such a policy. But he has not. His complaint alleges wrongful acts by employees of the City, but that is insufficient to state a claim against the City itself.

Because Stubblefield has not alleged any basis for *Monell* liability, and any other claim against the City is time-barred, the City of Chicago's motion to dismiss the claims against it is granted without prejudice.

Date: October 21, 2015

John J. Tharp, Jr.
United States District Judge